UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CASSIOPAEIA ORR
1030 Chicory Way
Sun Prairie, Wisconsin 53590

       Plaintiff,                         Case No.: 19-cv-849

     v.                                 **JURY TRIAL DEMANDED**

SUNSET RIDGE EXTERIORS, INC.
205 Dentaria Drive
Cottage Grove, Wisconsin 53527

    and

MICHAEL RICHICHI
4761 McFarland Court
McFarland, Wisconsin 53558

       Defendants

---

## COMPLAINT

---

COMES NOW Plaintiff, Cassiopaeia Orr, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendants, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws

("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Western District of Wisconsin, Defendants reside and/or do business in the Western District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Western District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Cassiopaeia Orr, is an adult female resident of the State of Wisconsin with a post office address of 1030 Chicory Way, Sun Prairie, Wisconsin 53590.

5. Defendant, Sunset Ridge Exteriors, Inc., (hereinafter "Defendant Company" if referred to singularly) was, at all material times herein, a commercial entity with a principal address of 205 Dentaria Drive, Cottage Grove, Wisconsin 53527.

6. Defendant Company is roofing and exterior contractor.

7. During the relevant time periods as stated herein, Defendant Company was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

8. During the relevant time periods as stated herein, Defendant Company employed more than two (2) employees.

9. During the relevant time periods as stated herein, Defendant Company's annual dollar volume of sales or business exceeded $500,000.

10. During the relevant time periods as stated herein, Defendant Company was an "employer" as that term is defined under the FLSA and the WWPCL.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant Company as these terms are defined under the FLSA and the WWPCL.

12. Defendant, Michael Richichi (hereinafter "Defendant Richichi" if referred to singularly), is an individual resident of the State of Wisconsin with a principal address of 4761 McFarland Court, McFarland, Wisconsin 53558.

13. Defendant Richichi is an owner of Defendant Company.

14. During the relevant time periods as stated herein, Defendant Richichi was an "employer" as that term is defined under the FLSA and/or the WWPCL.

15. During Plaintiff's employment with Defendants, Defendant Richichi supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendants, Defendant Richichi suspended and terminated Plaintiff.

17. During Plaintiff's employment with Defendants, Defendant Richichi reviewed Plaintiff's work performance.

18. During Plaintiff's employment with Defendants, Defendant Richichi established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

19. During Plaintiff's employment with Defendants, Defendant Richichi established Plaintiff's work schedule and provided Plaintiff with work assignments and hours of work.

20. During Plaintiff's employment with Defendants, Defendant Richichi controlled the terms and conditions of Plaintiff's employment.

21. During Plaintiff's employment with Defendants, Defendant Richichi tracked and recorded Plaintiff's hours of work.

22. During Plaintiff's employment with Defendants, Plaintiff was engaged in commerce or in the production of goods for commerce.

### PLAINTIFF'S "OFF-THE-CLOCK" WORK

23. In approximately November 2018, Defendants hired Plaintiff into the position of Sales Support Specialist.

24. During Plaintiff's employment with Defendants, Plaintiff reported directly to Defendant Michichi.

25. During Plaintiff's employment with Defendants, Plaintiff's job duties and job responsibilities included primarily performing office work, including but not limited to: communicating with customers, prospective customers, and/or third parties via telephone and e-mail; scheduling appointments; and working on special projects and assignments as needed and as assigned by Defendant Michichi.

26. During Plaintiff's employment with Defendants, Plaintiff performed compensable work each workweek at Defendants' direction, for Defendants' benefit, on Defendants' behalf, and/or with Defendants' knowledge.

27. During Plaintiff's employment with Defendants, Plaintiff did not customarily or regularly spend the majority of her hours worked each workweek making sales directly to Defendants' customers.

28. During Plaintiff's employment with Defendants, Plaintiff was not highly compensated employee.

29. During the entirety of Plaintiff's employment with Defendants, Defendants compensated Plaintiff on an hourly basis and/or with an hourly rate of pay, in addition to other forms of monetary compensation, such as bonuses, commissions, and/or other monetary payments.

30. During the entirety of Plaintiff's employment with Defendants, Plaintiff was a non-exempt employee for FLSA and WWPCL purposes.

31. During Plaintiff's employment with Defendants, Defendants' established workweek for FLSA and WWPCL purposes was Sunday through Saturday.

32. During Plaintiff's employment with Defendants, Defendants compensated Plaintiff on a biweekly basis via check.

33. During Plaintiff's employment with Defendants, Plaintiff's regular or customary days of work were Monday through Friday.

34. During Plaintiff's employment with Defendants and when working her regular or customary Monday through Friday work schedule, Plaintiff tracked and recorded her hours worked and was generally compensated for same – both at a regular rate of pay and at an overtime rate of pay for hours worked in excess of forty (40) per workweek.

35. During Plaintiff's employment with Defendants and in addition to working her regular or customary Monday through Friday work schedule, Defendants directed and/or required Plaintiff to also work on weekends – Saturdays and/or Sundays.

36. During Plaintiff's employment with Defendants and in addition to working her regular or customary Monday through Friday work schedule, Plaintiff frequently and consistently performed work on weekends – Saturdays and/or Sundays – at Defendants' direction, for Defendants' benefit, on Defendants' behalf, and/or with Defendants' knowledge.

37. During Plaintiff's employment with Defendants, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek at Defendants' direction, for Defendants' benefit, on Defendants' behalf, and/or with Defendants' knowledge – both by working her

regular or customary Monday through Friday work schedule and by also performing work on weekends – Saturdays and/or Sundays.

38. During Plaintiff's employment with Defendants and in addition to working her regular or customary Monday through Friday work schedule, Plaintiff frequently and consistently performed work on weekends – Saturdays and/or Sundays – that included: performing routine office work; communicating with customers, prospective customers, and/or third parties via telephone and e-mail to answer questions and/or provide assistance; scheduling appointments with customers, prospective customers, and/or third parties; training Defendants' staff; and/or working on special projects and assignments as needed and as assigned by Defendant Michichi.

39. During Plaintiff's employment with Defendants, Plaintiff regularly and/or consistently worked approximately forty (40) to fifty-five (55) hours per workweek, inclusive of the "off-the-clock" hours specified herein, without receiving any compensation for said "off-the-clock" hours worked, including at an overtime rate of pay for said "off-the-clock" hours worked in excess of forty (40) hours per workweek.

40. During Plaintiff's employment with Defendants, Plaintiff's "off-the-clock" hours worked and work performed as specified herein were integral and indispensable parts of Plaintiff's principal activities of her Sales Support Specialist position.

41. During Plaintiff's employment with Defendants, Plaintiff's "off-the-clock" hours worked and work performed as specified herein was performed in furtherance of the job duties and job responsibilities of her Sales Support Specialist position.

## **NON-DISCRETIONARY COMPENSATION**

42. During Plaintiff's employment with Defendants and in addition to Plaintiff's wages earned each workweek at a regular and/or overtime rate of pay, Defendants compensated Plaintiff with other monetary forms of compensation, such as monetary bonuses, commissions, and/or other monetary payments, on approximately a biweekly, monthly, and/or quarterly basis.

43. The monetary forms of compensation with which Defendants compensated Plaintiff during Plaintiff's employment with Defendants were based upon Plaintiff's hours worked and/or work performance.

44. During Plaintiff's employment with Defendants, the monetary forms of compensation with which Defendants compensated Plaintiff were non-discretionary in nature: they were announced and known to Plaintiff to encourage and/or reward her steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient hours worked and/or work performance.

45. During Plaintiff's employment with Defendants, Defendants failed to include the aforementioned non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to her during workweeks when she worked more than forty (40) hours.

\*\*

46. During Plaintiff's employment with Defendants, Plaintiff often worked in excess of forty (40) hours per workweek, inclusive of the "off-the-clock" hours specified herein, without receiving overtime compensation for her hours worked in excess of forty (40) hours per workweek.

47. During Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff for all hours worked and/or work performed each workweek, including those hours worked in excess forty (40) in a workweek.

48. During Plaintiff's employment with Defendants, Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek, including including at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

49. Defendants knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendants suffered or permitted her to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

50. Defendants had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

51. Defendants owe Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendants for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

### **PLAINTIFF'S RETALIATORY SUSPENSION & TERMINATION**

52. On multiple occasions during Plaintiff's employment with Defendants, Plaintiff complained to Defendant Michichi verbally and in writing (via e-mail and/or text message) about Defendants' failure to compensate her for the "off-the-clock" hours worked and work performed on weekends as described herein – both at her regular rate of pay and at an overtime rate of pay.

53. On at least one occasion during Plaintiff's employment with Defendants, Plaintiff verbally told Defendant Michichi that she refused to work these weekend "off-the-clock" hours without receiving compensation, either at her regular rate of pay and at an overtime rate of pay. In response, Defendant Michichi told Plaintiff that if she did not work the hours as directed by him, she would be fired.

54. On or about August 19, 2019 and August 20, 2019, Defendant Michichi suspended Plaintiff because Plaintiff complained to Defendant Michichi verbally and in writing (via e-mail) about Defendants' failure to compensate her for the "off-the-clock" hours worked and work performed on weekends.

55. On or about August 29, 2019, Defendant Michichi terminated Plaintiff's employment because of Plaintiff's complaints to Defendant Michichi about Defendants' failure to compensate her for the "off-the-clock" hours worked and work performed on weekends.

**FIRST CAUSE OF ACTION – FLSA VIOLATIONS**
**(OVERTIME PAY: "OFF-THE-CLOCK" WORK)**

56. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

57. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

58. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

59. Defendants intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek by failing to compensate Plaintiff for "off-the-clock" hours worked and work performed each workweek as described herein.

60. Defendants' failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendants neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

61. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

62. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSES OF ACTION – FLSA VIOLATIONS
## (NON-DISCRETIONARY COMPENSATION)

63. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

64. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

65. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

66. Defendants intentionally violated the FLSA by failing to account for and compensate Plaintiff with overtime premium pay at the lawful, proper, and/or correct overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek by failing to include all non-discretionary forms of monetary compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

67. Defendants' failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek was willfully perpetrated. Defendants neither acted in good faith nor with reasonable grounds to believe that their actions and omissions were not violations of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendants acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

68. Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard of whether their conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendants.

69. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### THIRD CAUSES OF ACTION – FLSA VIOLATIONS
### (RETALIATION: SUSPENSION & TERMINATION)

70. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

71. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

72. Plaintiff's verbal and written complaints to Defendants about Defendants' failure to compensate her for the "off-the-clock" hours worked and work performed on weekends, including but not limited to at an overtime rate of pay, constituted "filing a complaint" within the meaning of the FLSA.

73. Defendants understood Plaintiff's about Defendants' failure to compensate her for the "off-the-clock" hours worked and work performed on weekends, including but not limited to at an overtime rate of pay, to be assertions of Plaintiff's rights provided and protected by the FLSA.

74. Defendants violated the FLSA, 29 U.S.C. § 215(a)(3), by suspending Plaintiff's employment because Plaintiff made a complaint against Defendants relating to its alleged violations of the FLSA.

75. Defendants violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff's employment because Plaintiff made a complaint against Defendants relating to its alleged violations of the FLSA.

76. Defendants intentionally retaliated against Plaintiff by suspending her employment and by terminating her employment for exercising her rights under the FLSA, 29 U.S.C. § 201 et seq.

77. The FLSA, 29 U.S.C. § 216(b), makes an employer who violates 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3), including without limitation: reinstatement, lost wages and other employment benefits, and an additional equal amount as liquidated damages.

78. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### FOURTH CAUSES OF ACTION – WWPCL VIOLATIONS ("OFF-THE-CLOCK" WORK, NON-DISCRETIONARY COMPENSATION & FAILURE TO PAY AN AGREED-UPON WAGE)

79. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

80. At all times material herein, Plaintiff was an employee of Defendants within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

81. At all times material herein, Defendants were employers of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

82. At all times material herein, Defendants employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

83. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

84. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for all hours worked and work performed.

85. During Plaintiff's employment with Defendants, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendants failed to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

86. During Plaintiff's employment with Defendants, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay, including but not limited to at the lawful, proper, and/or correct overtime rate of pay, because Defendants failed to include all non-discretionary forms of monetary compensation in Plaintiff's regular rates of pay for overtime calculation purposes.

87. Defendants willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

88. During Plaintiff's employment with Defendants, Plaintiff was entitled to payments and compensation from Defendants at her agreed-upon wage, as defined in Wis. Stat. § 109.01(3), including but not limited to Plaintiff's agreed-upon regular or hourly rate(s) of pay, for all hours worked and work performed during the workweek.

89. During Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff with agreed-upon wages, as defined in Wis. Stat. § 109.01(3), including but not limited to Plaintiff's agreed-upon regular or hourly rate(s) of pay, for any and all work performed and hours worked during a workweek.

90. Defendants willfully violated the WWPCL by failing to compensate Plaintiff with agreed-upon wages for any and all work performed and hours worked during a workweek.

91. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendants' violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendants to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

92. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendants to make Plaintiff whole by providing back pay, reimbursement for unpaid wages (including but not limited to overtime wages and agreed-upon wages), pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and the WWPCL;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendants; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 10th day of October, 2019

> WALCHESKE & LUZI, LLC
> Counsel for Plaintiff
>
> **s/ *Scott S. Luzi*** 
> James A. Walcheske, State Bar No. 1065635
> Scott S. Luzi, State Bar No. 1067405
> Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com